IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02038-KLM

TIMOTHY JAMES HAYENGA,

    Plaintiff,

v.

C. GARTH, Adams County Sheriff, and
L. KESTAL, Adams County Sheriff,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for the Appointment of Expert Witness** [#71][1] (the "Motion").[2] Defendants did not file a response to the Motion [#71].

By way of a brief background, on June 2, 2018, Defendants, who are both sheriff's deputies with Adams County, attempted to apprehend Plaintiff pursuant to an outstanding warrant. Defendant Curtis Garth pointed a gun at Plaintiff, causing him to flee. Defendants gave chase, and, in short, Plaintiff claims that both officers utilized excessive force against

---

[1] "[#71]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Plaintiff proceeds as a pro se litigant. The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

-1-

him when they caught up to him, including the use of tasers and physical blows. After the struggle ended, Plaintiff was walked to a patrol car and placed in the back seat despite the temperature reaching ninety degrees on the day of his arrest with no air conditioning running in the patrol car. As a result of Defendants' actions, Plaintiff alleges that he suffered abrasions, a concussion, dehydration, kidney failure, a fractured jaw, and a swollen eye. In this lawsuit, Plaintiff asserts that he was subjected to excessive force resulting in violations of his rights under the Fourth Amendment. *See Order* [#26] at 2 (construing Plaintiff's allegations as such).

In the present Motion, Plaintiff asks the Court to appoint and pay for a medical expert specializing in head injuries and trauma and a law enforcement expert specializing in police procedures, training, and the use of force. *Motion* [#71]. Pursuant to Fed. R. Evid. 706(a):

> On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may request the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.

Although Fed. R. Evid. 706(a) "permits the district court to appoint a medical expert, courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "Some courts treat this power as 'the exception and not the rule,' limiting appointment of experts to the 'truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role.'" *Id.* at 397-398.

"While Rule 706 provides no standard for determining when to appoint an expert, the policy [of promoting accurate factfinding] underlying the provision supplies some

guidance." 29 Federal Practice and Procedure, Wright & Gold, § 6304, at 465 (1997). Courts have hesitated to find any affirmative obligation to exercise their Rule 706 power. *See, e.g., Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Okla. Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986). In the absence of "complex scientific evidence or complex issues," the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991); *see also Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53 (10th Cir. Dec.18, 2003) ("Given the relative lack of complexity of [the] case and [Plaintiff's] failure to submit any evidence that he was financially unable to retain his own physician, we cannot say that the refusal to appoint an expert constituted abuse of discretion.").

Further, reasonable compensation for an appointed expert is payable "by the parties in the proportion and at the time the court directs—and the compensation is then charged like other costs." Fed. R. Evid. 706(c). Courts have held that, under Rule 706(c), a District Court can apportion costs of an expert witness, and that this authority extends to excusing indigent parties from paying their share of the costs. *See, e.g., Ledford v. Sullivan*, 105 F.3d 354, 360-61 (7th Cir. 1997). Here, Plaintiff "was unable to pay the district court's filing fee." *Rachel*, 820 F.3d at 398; *Motion* [#71] at 1; *Am. Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915* [#10]. As a result, Plaintiff proceeds in forma pauperis in this matter.

Importantly, the Court has no existing funds to pay for the appointment of an expert witness in a civil case. *See Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. 2010) (citing 28 U.S.C. § 1915(c) for the proposition that "the in forma pauperis statute makes no

provision for litigation expenses other than the reproduction of the record and transcripts"). As the Tenth Circuit Court of Appeals has stated in another lawsuit initiated by a pro se prisoner claiming, in part, medical negligence:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id.* (quoting *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)). Thus, neither Plaintiff nor the Court has the ability to pay for an expert witness.

As a result, because Plaintiff has not identified specific experts whom he wants appointed and because neither he nor the Court can pay for those witnesses, the Court "could appoint an expert only by identifying one on its own and directing the defendants to bear all of the costs." *Rachel*, 820 F.3d at 398. However, the Court has the discretion to order one party to pay for expert testimony requested by the opposing party *only if that expert's testimony would substantially aid the Court*. *See Ledford*, 105 F.3d at 361. Here, though, the Court finds that the issues in this case are not overly complex or scientific. *See generally Second Am. Compl.* [#57]. It appears that both the Court and a jury would be able to understand the issues presented by Plaintiff's case without the assistance of a court-appointed expert. *See, e.g., Rachel*, 820 F.3d at 398 (holding that the district court did not abuse its discretion by refusing to appoint a medical expert to rebut the defendants' arguments as to the alleged adequacy of the plaintiff's medical treatment in a deliberate indifference claim). As a result, because the Court finds that requiring such expert testimony would not "substantially aid" the trier of fact, the Court cannot require Defendants

to pay for expert witnesses on Plaintiff's behalf.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED without prejudice**. This motion may be renewed **no later than 45 days after** Defendants designate any retained expert witnesses to testify about Plaintiff's medical conditions and/or law enforcement training and use of force issues.

Dated: November 8, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge